Mr. Jerry L. Canfield, Attorney at Law Daily Woods, P.L.L.C. 623 Garrison Avenue, Suite 600 Post Office Box 1446 Fort Smith, AR 72902
Dear Mr. Canfield:
You have requested approval, pursuant to the Interlocal Cooperation Act, A.C.A. § 25-20-101 et seq., of a document captioned "Agreement Regarding Construction and Operation of Sebastian County Justice Complex," which contains a proposed interlocal agreement between the City of Fort Smith, Arkansas, and Sebastian County, Arkansas, pursuant to which the parties would cooperate in the construction and operation of a justice complex to serve both the city and the county. You are seeking approval of this proposed agreement pursuant to A.C.A. § 25-20-104(f), which provides that I must approve any interlocal agreement to undertake a joint enterprise between or among "public agencies."
I am struck by the liberality of the legislature's statement of purpose in the Interlocal Cooperation Act:
 It is the purpose of this chapter to permit local governmental units to make the most efficient use of their powers by enabling them to cooperate with other localities on a basis of mutual advantage and thereby to provide services and facilities in a manner and pursuant to forms of governmental organization that will accord best with geographic, economic, population, and other factors influencing the needs and development of local communities.
A.C.A. § 25-20-102. In my opinion, this statute reflects an intention to expedite precisely the sort of agreement at issue in your request, whereby a county and a city would cooperate in providing services to both.
Having opined that the parties are duly situated to enter into an interlocal agreement, I must next determine whether the proposed agreement in fact involves a joint undertaking of the sort that requires my approval, as opposed to a straightforward contract of the sort the parties might enter into without my approval. See A.C.A. § 25-20-108. The agreement commits the parties to cooperate in the construction and operation of a justice complex to serve both entities, with the facility to be administered by a joint board consisting of the county judge and the city administrator. I believe this arrangement clearly qualifies as a joint enterprise of the sort envisioned in the Act, as opposed to a simple contractual arrangement. The agreement clearly has features that resemble those of a joint venture or partnership. Accordingly, I agree that the proposed agreement is subject to my approval pursuant to A.C.A. § 25-20-104(f).
The Interlocal Cooperation Act requires that interlocal agreements for joint or cooperative action specify the following items:
(1) The duration of the agreement;
(2) The purposes of the agreement;
 (3) The manner of financing the joint or cooperative undertaking and of establishing and maintaining a budget for it;
 (4) The methods of accomplishing termination of the agreement and for the disposal of property, if any, upon termination;
(5) Any other necessary and proper matters.
A.C.A. § 25-20-104(c).
In addition, if the interlocal agreement does not establish a separate legal entity to conduct the joint or cooperative undertaking, it must specify the following items:
 (1) The provision for an administrator or a joint board that will be responsible for administering the joint or cooperative undertaking;
 (2) The manner of acquiring, holding, and disposing of real and personal property, if any, used in the joint or cooperative undertaking.
A.C.A. § 25-20-104(d).
Having reviewed the proposed agreement, I conclude that it meets all of the requirements set forth above. Accordingly, I hereby approve the agreement as submitted.
Assistant Attorney General Jack Druff prepared the foregoing, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB:JD/cyh